

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 CV 5154 | **DATE** | March 6, 2012 |
| **CASE TITLE** | INT'L FOODSERVICE MFR. ASSOC. v. RUSTIGAN | | |

**DOCKET ENTRY TEXT:**

The Court DENIES Defendant Rustigan's Motion to Dismiss [18].

■[For further detail see below.]

Docketing to mail notice.

## STATEMENT

The International Foodservice Manufacturers Association ("IFMA") brings this action against a former employee, Janet Rustigan, to recover excessive payments it made to her under the company's deferred compensation plan. IFMA alleges that defendant Chief Financial Officer Anthony Marchese caused those excessive payments by manipulating the annual accounting for the plan in his role as IFMA's Chief Financial Officer. Marchese was named as a defendant in IFMA's complaint, but was recently dismissed from this action pursuant to stipulation of the parties.

Rustigan has filed a motion to dismiss arguing that the complaint fails to state a claim for constructive trust or equitable lien under section 502(a)(3) of the Employee Retirement Income Security Act (ERISA) because IFMA's claim against her is not equitable in nature.

For the reasons stated below, the Court denies the motion.

### I. Factual Background

The International Foodservice Manufacturers Association is a non-profit organization, which the Court assumes to be a trade association in the food service industry. Defendant Janet Rustigan worked for IFMA as a senior manager and defendant Anthony Marchese served as its Chief Financial Officer. Both Rustigan and Marchese were employed by IFMA for over 30 years.

In 1987, IFMA established a deferred compensation plan for three of its top executives: Marchese, Rustigan, and Michael Licata, who was IFMA's President and Chief Executive Officer. Marchese, in his capacity as Chief Financial Officer, administered the plan. IFMA claims that Marchese distorted the annual accounting for the plan so that he and the plan's other beneficiaries received inflated disbursements.

Page 1 of 3

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the suit. *See Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff, as well as any reasonable inferences that can be drawn from those facts. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich,* 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), such that the defendant is given "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47(1957)).

## III. Analysis

IFMA's complaint seeks reimbursement from Rustigan for excess benefit payments she received under IFMA's deferred compensation plan. IFMA's claim arises under section 502(a)(3) of ERISA, which provides a civil cause of action for employee benefit plan participants, beneficiaries, or fiduciaries to obtain "appropriate equitable relief." 29 U.S.C. § 1132(a)(3). Rustigan argues that the complaint fails to state a cause of action under section 502(a)(3) because it ultimately seeks money damages, rather than equitable relief as required by the statute.

The Court finds that IFMA's claim is equitable in nature. It is well settled in this Circuit that a plan administrator who mistakenly overpays plan beneficiaries can utilize Section 502(a)(3) to seek reimbursement. *Central States v. Neurobehavioral Assoc.,* 53 F.3d 172, 174 (7th Cir. 1995). Section 502(a)(3) has been held to encompass reimbursement claims because equity has traditionally recognized a right to restitution where a party is unjustly enriched, and federal courts borrow from the common law of restitution in analyze Section 502(a)(3) claims. *Central States v. Pathology Lab. of Arkansas,* 71 F.3d 1251, 1254 (7th Cir. 1995).

Rustigan also claims that IFMA fails to state a claim for equitable relief because the deferred compensation plan does not contain a reimbursement provision and, thus, "strict tracing" is required. She seems to misunderstand the role of the strict tracing rule. The Court will attempt to clarify.

A party seeking a constructive trust or equitable lien is generally required to identify an asset they originally possessed, which was improperly acquired and converted into property in the defendant's possession. *Dexia Credit Local v. Rogan,* 629 F.3d 612, 630 (7th Cir. 2010). That concept is sometimes referred to as "strict tracing" because a plaintiff must clearly *trace* his assets to particular funds or property in the defendant's possession. *Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 210–14 (2002) (internal citations omitted). If the defendant has dissipated the assets so that no product remains, a plaintiff cannot satisfy the strict tracing requirement. *Id.* at 213–14 (internal citations omitted).

In the ERISA context, strict tracing can prove difficult in cases involving recovery for benefits that have been duplicated by some other source. For example, in *Sereboff v. Mid Atlantic Medical Serv., Inc.,* 547 U.S. 356 (2006), health insurance plan beneficiaries, Mr. and Mrs. Sereboff, were injured in a car accident. Their health insurance plan paid the resulting medical expenses, and the Sereboffs later received a settlement from the driver that hit them. The Sereboffs' insurance plan sued them to recover the benefits it had paid for their injuries, pointing to a reimbursement provision in the benefit plan that required reimbursement when a beneficiary recovers from a third party for injuries covered by the plan. The Sereboffs argued that the plan could not recover because its complaint would not have satisfied the "strict tracing" rules that accompanied equitable restitution at common law. The Sereboffs argued that, because the money they received from the plan had already been used to cover their medical expenses, it was dissipated, and thus unrecoverable. The Supreme Court held that strict tracing was not required because the reimbursement provision effectively created a lien on whatever portion of the Sereboffs' settlement was necessary to reimburse their plan. The *Sereboff* case is often cited for the general rule that, in the absence of strict tracing, a plaintiff is still entitled to

equitable relief if a reimbursement provision creates a "lien by agreement."

In this case, the fact that there is no reimbursement provision is immaterial. IFMA does not allege that there is a lien by agreement and does not claim that it is exempt from the strict tracing requirement. In fact, IFMA alleges that specific money belonging to it has made its way into defendants' possession and that it is still in defendants' possession. Those allegations are sufficient to satisfying the strict tracing requirement at the pleading stage.

For the forgoing reasons, the Court denies the motion to dismiss.

*Wm. J. Hibbler*